UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRICKETBOW DESIGN, LLC,

          Plaintiff,

vs


SHEIN FASHION GROUP, INC.,
AMAZON.COM INC., JIU QUAN LAN
XIN SHANG MAO YOU XIAN GONG
SI d/b/a SKRYUIE, and LINNA,ZHAO
d/b/a SKRYUIE

          Defendants.

Case No.: 2:22-cv-10038
Hon.

_____/
WOOD, KULL, HERSCHFUS, OBEE & KULL, PC
Robert J. Kull (P55733)
James E. Bobcik (P82279)
Attorneys for Plaintiff
37000 Grand River Avenue, Suite 290
Farmington Hills, Michigan 48335-2881
(248) 476-2000 / (248) 476-3660 – fax
rjk@woodkull.com/jbobcik@woodkull.com
_____/

# COMPLAINT

      NOW COMES the Plaintiff, CRICKETBOW DESIGN, LLC, by and through its attorneys, WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C., and for its Complaint states as follows:

## PARTIES, JURISDICTION AND VENUE

1

1. Cricketbow Design, LLC ("Plaintiff") is and at all times relevant hereto was a Michigan limited liability company conducting online business in the State of Michigan.

2. Defendant SHEIN FASHION GROUP, INC., a/k/a SHEIN ("Shein") is, and at all times relevant hereto, a company organized, registered and existing under the laws of the State of California. On information and belief, Shein advertises, distributes, and sells products under various brands, including "SHEIN" and "ROMWE," to consumers in Michigan, throughout the United States, and internationally and operates and manages SHEIN and ROMWE brand business activities based in the United States and internationally.

3. Defendant AMAZON.COM INC. ("Amazon") is a global online retailer doing business in the State of Michigan and headquartered in Seattle, State of Washington.

4. Defendant JIU QUAN LAN XIN SHANG MAO YOU XIAN GONG SI d/b/a SKRYUIE ("Skryuie") is a Chinese Business located in Shenzhen, Guangdong, China that sells products on Amazon and other online platforms under the name Skryuie.

5. "SKRYUIE" is a trademark registered with the USPTO, Registration

Number 5845103, by Defendant LINNA, ZHAO, ("Zhao") an individual who is located in Shenzhen, Guangdong China.

6. This Court has subject matter jurisdiction over the copyright claims in this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the other claims based on 28 U.S.C. §§ 1338(b), 1332(a), and 1367.

7. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. §1332 since the amount in controversy exceeds $75,000 and the dispute is between a company organized and existing under the laws of the State of Michigan and all Defendants are individuals or businesses located in a foreign state.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

9. Plaintiff is an art and design company owned and operated by Timothy Zulewski ("Zulewski").

10. Plaintiff is a company founded by Zulewski. Plaintiff, by and through Zulewski, focused its drawings and designs efforts on Halloween.

11. Zulewski is an artist who creates, draws, and sketches Halloween illustrations and artwork, fantasy art and design, and other quirky creations that are sold by Plaintiff online and at conventions and other venues.

3

12. Zulewski typically draws a sketch and ink digitally using Adobe® Photoshop.

13. The drawings reflect, *inter alia*, pumpkins, ghosts, cats, witches, scarecrows, skulls, bats, etc. The variations of the foregoing Halloween related drawings, shapes, sizes, and design are usually combined to form a masterpiece. As a result, the drawings are original and unique to Plaintiff.

14. Plaintiff's drawings and designs reflect countless original and expressive determinations sketched, drawn, and colored by Zulewski. The shapes, dimensions, and designs at the very heart of Plaintiff reflect the experience, expertise and creative and expressive choices made by Zulewski at every step of the design process.

15. Plaintiff also operates a website www.cricketbow.com that sells Zulewski's original artwork, quality art prints, postcards, and books amongst other items. All art prints and books are signed by Zulewski himself.

16. Plaintiff's website also contains a warning that all art works and designs are copyrighted from 1999-2021 and likewise, all of the artwork is copyrighted by Zulewski and may not be used without permission.

17. Zulewski is the owner of Plaintiff and as such, is the owner of all rights and title to Plaintiff's designs and drawings, including all trade secret and

other confidential information, all copyrights, and all other intellectual property embodied or reflected therein. Zulewski's designs are original works of authorship under 17 U.S.C. § 102(a) and Plaintiff, pursuant to 35 U.S.C. § 106(1), (2) and (3), has the exclusive right to reproduce, distribute and sell Zulewski's drawings and designs, and to prepare derivative works based on Zulewski's sketches and drawings.

18.     On July 29, 2020 Plaintiff registered its copyright for Halloween Spooky Group, being U.S. Copyright Registration No. VAu1-406-057.

19.     During the Halloween 2020 season, and after the registration of Plaintiff's copyright, Plaintiff and Zulewski noticed that one of their designs and artwork, specifically the Halloween Spooky Group registered original artwork, was being sold by Defendants Shein and Amazon on their websites.

20.     The Halloween Spooky Group art is the original artwork from Plaintiff designed and drawn by Zulewski.

21.     Defendants copied the artwork without notice or permission from either Plaintiff or Zulewski, removed the watermark and simply put the artwork on canvass material to distribute and sell on Shein.com.

22.     Plaintiff's designs include a watermark to prevent other distributors from coping and selling its artworks and designs. Such watermark is included

as a clear and conspicuous mark confirming that Plaintiff's designs are Plaintiff's proprietary and original artwork, and that unauthorized use or disclosure is not permitted. The removal of the watermark by Plaintiff is a clear indication of Defendants' willful infringement.

23. It is unknown how long Defendants have been selling Plaintiff's designs and artwork, and upon information and belief, Defendants have sold and continues to sell Plaintiff's design under their own name and company.

24. Defendant Shein sold Plaintiff's design and artwork under the name "Halloween Ghost DIY Diamond Unframed Painting," SKU: sh2108173376953141.

25. Defendant Skryuie sold and continues to sell Plaintiff's design and artwork on Amazon and other online retailers under the name "SKRYUIE 5D Diamond Painting Halloween Ghost Pumpkin Cat Full Drill by Number Kits, DIY Craft Paint with Diamonds Arts Embroidery Cross Stitch Decorations" and also uses Plaintiff's design and artwork on its Amazon profile page including in a promotional video.

26. Defendant Amazon, despite receiving adequate notice of the infringing activity of Skryuie, took no action to stop Skryuie from selling the infringing product.

27. Defendant Amazon benefitted from Skryuie continuing to sell the infringing product.

28. Any and all sales received from the sale of the product by Defendants are proceeds of the illegal sales. Any continued sale of the product by Defendants is a collusion and conspiracy with any other infringer.

29. Defendants have and are engaging in unauthorized use and distribution of Plaintiff's designs and artwork to third parties in the United States, China and worldwide.

30. Defendants' conduct described herein is directed and coordinated by Defendants' owners, members, agents, and/or officers. Defendants also have a direct financial interest in these activities.

31. Plaintiff has been forced to commence this action and assert the claims herein in order to protect its significant investments, artwork and designs, to stop Defendants and others from wrongfully continuing to profit from the wrongful use of Plaintiff's property, and to try to stem the substantial damage that Defendants' actions have inflicted, and are continuing to inflict upon Plaintiff.

## COUNT I
## WILLFUL COPYRIGHT INFRINGEMENT

32. Plaintiff realleges and reincorporates by reference the allegations

contained in paragraphs 1 through 31 above as though fully restated herein.

33. Plaintiff's artwork and designs are original material and constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq.

34. Without consent, authorization, approval, or license, Defendants knowingly, willfully, and unlawfully copied, adapted, and distributed Plaintiff's copyrighted drawings, artworks and designs, portions thereof, or derivative works and continues to do so. Defendants are infringing Plaintiff's registered copyrights in the drawings, artwork, and designs.

35. Upon information and belief, Defendants have made, supplied, and sold copies of Plaintiff's copyrighted drawing, artwork, and design to consumers worldwide on their websites, Shein.com and Amazon.com. Such use is not authorized, consented, or licensed. Accordingly, Defendants have directly, contributorily and vicariously infringed Plaintiff's copyrighted works, by, with knowledge of the infringing activity, encouraging, inducing, allowing, materially contributing, causing and assisting others to copy, adapt, use and distribute Plaintiff's copyrighted works and works derived therefrom.

36. Upon information and belief, Defendants' direct, contributory, and vicarious infringements are and have been knowing and willful.

37. By this unlawful copying, use and distribution, Defendants have

violated Plaintiff's exclusive rights under 17 U.S.C. § 106(1), (2), and (3).

38. Defendants have realized unjust profits, gains, and advantages as a proximate result of its infringement, and will continue to do so as long as such infringement is permitted to continue.

39. As a direct and proximate results of Defendants' direct and willful copyright infringement, and contributory and vicarious infringement, Plaintiff has suffered, and will continue to suffer, monetary loss to its business, reputation, and goodwill. Plaintiff is entitled to recover from Defendants, in amounts to be determined at trial, the damages it has sustained and will sustain and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement and Defendants' use and distribution of the copyrighted materials.

40. Plaintiff is further entitled to an injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws. Plaintiff has suffered an irreparable injury, the remedies available at law are inadequate to compensate for that injury, the balance of interests strongly favors an injunction, and the public interest would not be disserved by an injunction. Unless Defendants are enjoined and prohibited from infringing Plaintiff's copyrights and contributorily infringing Plaintiff's copyrights by

knowingly and materially causing, assisting and encouraging others to infringe those copyrights, and unless all infringing products and advertising materials are seized, Defendants will continue to intentionally directly and indirectly infringe of Plaintiff's copyrights.

41. Plaintiff is entitled to its actual damages, additional profits of Plaintiff, statutory damages of $30,000.00, and/or statutory damages for willful infringement of $150,000.00 from each Defendant pursuant to 17 U.S.C. § 504(c).

## COUNT II
## UNFAIR COMPETITION

42. Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 1 through 41 above as though fully restated herein.

43. Plaintiff has worked in good faith with its artist Zulewski to help penetrate and grow its business. As described and referenced in paragraphs 6 through 34 above (incorporated herein), Plaintiff, through Zulewski, has been sketching, drawing, and designing for years by providing its artistic touches, knowledge, and expertise in the art industry.

44. Upon information and belief, Defendants have wrongfully copyrighted Plaintiff's artworks and designs to sell on Shein.com and Amazon.com. Defendants, upon information and belief, were engaged in a plan to benefit

from Plaintiff's significant investment of time and money and years of experience to grow its business and to divert the proprietary of Zulewski's art and design to Defendants' own use and benefit.

45. As a direct and proximate cause of Defendants' misconduct, Plaintiff has been deprived of the value of its substantial artwork and design and has been deprived of the full profits that would have been earned. Defendants, by the actions described herein, have misappropriated and wrongfully copyrighted Plaintiff's work and its conduct violates the standards of commercial morality.

46. The aforementioned conduct constitutes unfair competition, has caused and continues to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

47. Plaintiff is entitled to an injunction restraining Defendants from further unfair competition, including the continued and further use of any of Plaintiff's work and the continued and further interference with Plaintiff's business relationships. Plaintiff is further entitled to compensatory damages resulting from Defendants' misconduct and for punitive damages based on Defendants' deliberate, willful, and malicious conduct.

## COUNT III
## UNJUST ENRICHMENT

48.     Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 1 through 47 above as though fully restated herein.

49.     Plaintiff, as described above, has worked in good faith with its artist Zulewski to help penetrate and grow its business. As described and referenced in paragraphs 6 through 40 above (incorporated herein), Plaintiff, through Zulewski, has been sketching, drawing, and designing for years by providing its artistic touches, knowledge and expertise in the art industry.

50.     Upon information and belief, Defendants have wrongfully copyrighted Plaintiff's artworks and designs to sell on Shein.com. Defendant, upon information and belief, was engaged in a plan to benefit from Plaintiff's significant investment of time and money and years of experience to grow its business and to divert the proprietary Zulewski's art and design to Defendants' own use and benefit.

51.     As a direct and proximate cause of Defendants' misconduct, Plaintiff has been deprived of the value of its substantial artwork and design and has been deprived of the full profits that would have been earned. Defendants, by the actions described herein, have misappropriated and wrongfully copyrighted Plaintiff's work and its conduct violates the standards of

commercial morality.

52. Any and all sales received from the sale of the product by Defendants are proceeds of the illegal sales. Defendants have and are engaging in unauthorized use and distribution of Plaintiff's designs and artwork to third parties in the United States, China and worldwide. Defendants' retention of that benefit violates the fundamental principles of justice, equity and good conscience.

53. Plaintiff is entitled to recover for unjust enrichment resulting from Defendants' conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CRICKETBOW DESIGN, LLC, respectfully prays that his Honorable Court enter a judgment in its favor and against Defendants:

A. Entry of judgment holding each Defendant liable for directly, contributorily, and vicariously infringing the copyright at issue in this litigation;

B. Entry of judgment holding each Defendant liable for unfair competition and unjust enrichment;

C. An order preliminarily and permanently enjoining each Defendant, its officers, agents, servants, employees, its affiliated companies, its assigns and successors in interest, and those persons acting in concert or participating with them,

from continued acts of infringement of the copyrights at issue in this litigation and unfair competition;

      D.      An order preliminarily and permanently enjoining each Defendant, its officers, agents, servants, employees, its affiliated companies, its assigns and successors in interest, and those persons acting in concert or participating with them, from continued reproduction and distribution of Plaintiff's drawings and designs, continued use of Plaintiff's drawings and designs to make or have made merchandise, and continued distribution, offer for sale, and sale of any merchandise using Plaintiff's drawings and designs;

      E.      An order that all copies of Plaintiff's drawings and designs made, used, or distributed by Defendants be impounded and destroyed or otherwise reasonably disposed of;

      F.      Monetary damages resulting from Defendants' wrongful acts, including pre-judgment and post-judgment interest;

      G.      An award of all of the gains, profits and advantages received by each Defendant as a result of its wrongful conduct;

      H.      An award against each Defendant of exemplary and statutory damages of $30,000.00, and/or statutory damages for willful infringement of $150,000.00 pursuant to 17 U.S.C. § 504(c);

I. An award of attorneys' fees and Plaintiff's costs incurred in this action; and

J. Such other and further legal and equitable relief as may be available under law and which the Court may deem proper.

Respectfully submitted,

**WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C.**

By: /s/ Robert J. Kull
Robert J. Kull (P55733)
James E. Bobcik (P82279)
Attorneys for Plaintiffs
37000 Grand River Avenue, Suite 290
Farmington Hills, MI 48335
(248) 476-2000 / Fax – (248) 476-3660
rjk@woodkull.com /jbobcik@woodkull.com

Dated: January 6, 2022